**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| GUIDO JOHN ALVILLAR,<br><br>             Plaintiff,<br><br>      v.<br><br>UTAH STATE BD. OF PARDONS et al.,<br><br>             Defendants. | Case No. 2:09-CV-659 CW<br><br>District Judge Clark Waddoups<br><br>**MEMORANDUM DECISION AND DISMISSAL ORDER** |

Plaintiff, Guido John Alvillar, an inmate at Utah State Prison, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2009), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. His complaint is now before the Court for screening. *See id.* § 1915(e).

**SCREENING ANALYSIS**

**A. Standard of Review**

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail

on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).  When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110.  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Id.*

### B. Plaintiff's Allegations

Plaintiff's Amended Complaint alleges claims against former Utah Board of Pardons and Parole (BOP) members Sibbett, Hansen, and Blanchard; current BOP members Garner, Gallegos, Harms, Hamilton, and Yeates; Director Kishiyama of Bonneville Community Correctional Center; Garcia and Kurumada, his BOP-appointed

attorneys; Parole Officer Nowak; Warden Turley; BOP; Utah Department of Corrections (UDOC); and Officer Sainsbury. He attacks the fairness of his 2002 and 2009 parole-revocation proceedings, alleging defendants denied him prelimary hearings to establish probable cause and did not hold his parole-revocation hearing within a reasonable time. He requests damages and immediate release.

### C. Statute of Limitation

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'" *Id.* at 675 (citation omitted). As to his claims about his 2002 parole proceedings, giving Plaintiff the benefit of the doubt and for purposes of this Order only, the Court determines that September 10, 2002, the date of the final decision of the hearing held on August 28, 2002, is the latest Plaintiff should have known that he would not be receiving a preliminary hearing or a "timely" hearing date. Therefore, Plaintiff had until August 2006 to file his claim. However, Plaintiff did not file this case until another nearly three years had passed, on July 28, 2009. Any claims regarding the 2002 parole proceedings are thus dismissed based on the statute of

limitation.  This results in the dismissal of the following defendants:  Garcia & Kurumada, Plaintiff's board-appointed counsel; Sibbett; Hansen; Blanchard; and Sainsbury.

### D. Improper Defendants

To establish a cause of action under § 1983, Plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law (without immunity).  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

#### i. Affirmative Link

More specifically, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"  *Stone v. Albert*, No. 08-2222, 2009 U.S. App. LEXIS 15944, at *4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).  Put another way, Plaintiff "must do more than allege a constitutional violation; he must allege 'an "affirmative link"' between each defendant and the constitutional deprivation.'"  *Stone*, 2009 U.S. App. LEXIS 15944,

at *5 (quoting *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (citation omitted)).

Here, Plaintiff has not established a connection or "affirmative link" between UDOC, Director Kishiyama, Officer Nowak or Warden Turley and the alleged constitutional violation. Indeed, none of these defendants would have had any control over the due process afforded by the BOP in parole-revocation proceedings. These four defendants are all therefore dismissed.[1]

### ii. Immunity

The Court now addresses claims against the remaining defendants, current BOP members involved in the 2009 parole proceedings. The Court first addresses possible claims against Defendants in their individual capacities. It is well-established that parole board members have absolute immunity "'from damages liability for actions taken in performance of [their] official duties regarding the granting or denying of parole.'" *Russ v. Uppah,* 972 F.2d 300, 303 (10th Cir. 1992) (quoting *Knoll v. Webster,* 838 F.2d 450, 451 (10th Cir. 1988)). After thoroughly reviewing Plaintiff's complaint the Court concludes that each of Plaintiff's allegations involving the individual Defendants are directly related to "'actions taken in

---

[1] UDOC is also an improper defendant because it is immune from suit under the Eleventh Amendment. *See Ramirez v. Okla. Dep't of Mental Health,* 41 F.3d 584, 588 (10th Cir. 1994).

performance of the board's official duties regarding the granting or denying of parole.'" *Id.* (quoting *Knoll*, 838 F.2d at 451s). Thus, the defendants, if sued in their individual capacities, are absolutely immune from suit for money damages.

The Court now turns to Plaintiff's possible damages claims against the Board itself, and against the members of the Board in their official capacities. The Eleventh Amendment bars claims for damages against entities that are arms or instrumentalities of a state. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). A parole board is an instrumentality of a state. *See McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995); *see also Giese v. Scafe*, No. 04-3408, 2005 U.S. App. LEXIS 10680, at *5 (10th Cir. June 7, 2005). In addition, "suits against state officials in their official capacity are in essence suits against the state." *Russ*, 972 F.2d at 303; *see also Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995). "The Eleventh Amendment prohibits federal courts from exercising jurisdiction over suits involving a citizen seeking damages from a state, except where Congress has specifically granted jurisdiction." *Russ*, 972 F.2d at 302. Because Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983, *id.* at 303, Plaintiff's possible claims for damages against the Board

itself, or against the members of the Board in their official capacities, are barred under the Eleventh Amendment.

### E. Request for Immediate Release

Plaintiff's request for immediate release is inappropriate in this civil-rights case. It would be more properly raised in a habeas petition.

### ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED**, under 28 U.S.C.S. § 1915(e)(2)(B) (2009), for failure to state a claim on which relief may be granted.

DATED this 22nd day of October, 2009.

BY THE COURT:

_/s/ Clark Waddoups_

CLARK WADDOUPS
United States District Judge